# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

82,278-03

EX PARTE

DALAWRENCE RAINES

TDCJ-TD-NO. 1499674

CASE NUMBER:

_(TO BE SUPPLIED BY CLERK)_

APPLICANTS BRIEF MEMORANDUM OF LAWS AND SUPPORTING JUDICIAL ARGUEMENTS WHICH ARE IN SUPPORT OF HIS SUBSEQUENT AND/OR SUCCESSIVE Tex.Code Crim.Pro.Art.11.07§4 APPLICATION FOR A WRIT OF HABEAS CORPUS.,

As APPEALED FROM THE 162 JUDICIAL DISTRICT COURT OF TRAVIS COUNTY TEXAS

## COVER PAGE

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 07 2015

Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EXPARTE
DALAWRENCE RAINES
TDCJ-ID NO.1499674

CASE NUMBER:
(TO BE SUPPLIED BY CLERK)

## BRIEF MEMORANDUM TO SUPPORT ARGUEMENT AND CASE LAW AUTHORITIES

### BEFORE THE HONORABLE PANEL JUDGES;
PER CURIAM:

#### (1). PRELIMINARY STATEMENT

Applicant Dalawrence Raines, Texas State prisoner Number #1499674. Now prudently Submitts his brief in support of his Subsequent 11.07 section 4, Application for A writ of Habeas Corpus. Applicant hereinafter Prays the Honorable Court to refer to him As[Raines], As he brinings Judicial challenge to his March 31st, 2008 Conviction for Possession of controlled Substance with intent to Deliver, And subsequent Sentence of [15] years." Raines is Arguing As A Matter of Form, Soley in this instance, by right of Law, that he is Actually-Innocent, Pursuant A intentional ineffective Assistance of his Defense Counsel. As Raines is A simple Laymmen Not Judicially Skilled As A Jurist, he prays the Honorable Courts panel Judge's Prudently And Judiciously Allow him, there Full Judicial indulgence. As he Elaborates his Newly discovered testimony indecating the original Trial Court records in And from the Travis County 167th Judicial District Court, in Cause number D-1-DC-07-202131-C, showing through the Court Dockets Sufficient-deficient proformance by Defense Counsel Craig Sandlin which Caused Prejudice And Harm, which resulted in Raines' current unlawful Conviction And Sentence. "Pro se habeas petition Must be given liberal, construction And petitioner is not required to identify specific legal theories or offer case citations in order to be entitled to relief. See FREY V. SCHUETZLE. 78 F.3d. 359 [8th cir. 1996];

#### (2). JURISDICTION

Raines Filed A Motion requesting Leave of the Convicting Trial Court to File his Subsequent 11.07 sec 4 Application pursuant Tex. Code. CRIM. PROC. Art 1.14(a) See e.g. Weems V. United States. 217 U.S. 349. 50 Sct. 544. 54 1Ed 793. "An Excessiveness "claim" is Judged by currently Prevailing standards of decency,"

page 1 of 16. cc

See, Also. GREEN V. ABRAMS, 984 F.2d. 41 [2nd Cir. 1993,]
ESCOBAR V. O'LEARY. 943 F.2d. 711 [7th Cir. 1991,]

1). Writ of "habeas corpus" Functions to grant relief from unlawful, custody or imprisonment.,

2). A writ of habeas corpus May be granted to persons being held In custody in violation of the Constitution of the United, states.,

Raines in this instance of Courts Jurisdiction" "states.. Habeas Petitioner May be excused procedural bar And Abuse of writ by showing cause And prejudice or Actual-Innocence., see HEFFERNAN V. NORRIS, 48 F.3d 331 [8th Cir. 1995];

### (3). JUDICIAL QUESTION

(1) Whether Attorney For the Defense Craig Soodlin And Appeals Attorney Ariel Payan, Performance's in " Raines defense, And Subsequent Appeal, Will be Measured Against the state of Law in effect during the time of Trial, And Appeal. And Found by the Honorable Court's panel Judge's ineffective, As Raines Claim's Are based upon settled Law, that was in effect during both Time periods. Raines Answers "yes"... Whether the court will Also Concede....

(2). Whether Attorney For the Defense Craig Soodlin, And Appeal's Attorney rendered A Complete denial of Counsel At the Critical Stages of Raines Criminal Trial proceeding And Appeal Proceeding, Ariel Payan As the Defense Attorney pursuant there Failur to investigate the States Alleged Facts As presented in the Travis County, Texas, Austin City police report, of the Alleged 911 Caller Russell Hall, And the Arresting police officers report And there Failur to bring challenge to the state Not producing state witness Russell Hall, Nor the states Lab Analysts At Trial, denying the Defense Right to Confrontational And Cross Examination of witnesses., Pursuant the Sixth Amendment to united states constitution., Raines Answers "yes"... Whether the Court will Also Concede....



3). Whether the Honorable Court Panel Judge's Will Find Raines was Actually-Innocent, As his Arrest And Subsequent Conviction was Founded "Soley" On the basis of his being A victem Of What was NO less than "Racial Profiling"... And illegal Search And Seizure Committed by the City Of Austin Texas. Police...

Raines Answers "Yes"... Whether the Court Will Concede...

4). Whether the Honorable Court Panel Judges Should Judicially Reverse And RE-MAND" Raines Current Conviction pursuant his demonstrating A Substantiated Ineffective Assistance Of Defense Counsel And thereafter, Ineffective Assitance Of Appeals Counsel...

Raines Answers "Yes"... Whether the Court Will Concede...

## RAINES AS A SIMPIE LAYMEN

Raines request prudently And Most Respectfully, the honorable Appeals Court Panel Judge's Judicial indulgence As he cites the following:

pursuant his right to Assistance Of Counsel guaranteed by the Sixth And Fourteenth Amendments... Which are indispensable to the Fair Administration of our Adversarial System Of Criminal Justice... Embodying A realistic recognition of the obvious truth that the Average defendant does "Not" have the professional "Legal" Skill to "Protect" himself. Johnson V. Zerbest 304 U.S. 458, 462-463, 58 Sct. 1019, 1022, 82 LEd. 1461 [1938]. The right to Counsel "Safeguards" the other "rights" deem Essential for the Fair... Prosecution Of A Criminal Proceeding. Justice Sutherlands Oft-quoted explanation in "Powell v. Alabama 287 U.S. 45.53 Sct. 55 77 LEd 158. [1932] bears repetion here... "The right to be heard would be in many Cases, of Little Avail if it did Not Comprehend the right to be heard by, counsel, "Even the intelligent And Educated "Laymen"... Has small And sometimes No "Skill "in the "Science" of Law. If Charged with Crime he is "incapable"... Generally of "determining "For himself"... Whether the

The [indictment] is good or bad. He is unfamiliar with the "Rules" of Evidence. Left without the aid of counsel he Maybe put on Trial "without" A Proper Charge And Conviction upon incompetent,... "Evidence", or Evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill And knowledge Adequately to prepare his "defense", Even though he have A perfect one. He requires the guileding hand of Cansel At "Every" stage of the Proceedings Against him. Id. At 68-69, 53 Sct. At 64 [ quoted in Gideon V. Wainwright 372. U.S. 344, 345, 83 Sct 792-797-9-L Ed 2d. 799 [1963], As indicated in the Last sentence of this Paragraph... The court has Also recognized that the Assistance of Counsel Cannot be Limited to Participation in, Trial: To deprive A Person of Counsel during the period Prior to Trial Maybe More [damaging] than "denial" of Counsel during the trial, itself... Recognizing that the right to the Assistance of Counsel is Shaped by the need for the Assistance of Counsel, we have found that the right Attaches At "Earlier" "Critial" Stages in the criminal Justice, Process "Where"... The result might well settle the Accused "Fate", And reduce the Trial itself to A "More" Formality. United States V. Wade 388 U.S 218-224-87 Sct. 1926-1931, 19 L Ed 2d 1149 [1967] ( quoted in united States V. Gouveia 467 U.S. 180, 189, 104 Sct. 2292-2298-81 L Ed 2d 146 [1984]; see Coleman V. Alabama 399 U.S. 1-90 Sct. 1999-26 L Ed 2d, 387 [1970]; Hamilton V. Alabama 368 U.S. 52-82 Sct. 157-7 L Ed 2d 114 [1961]; Maryland 373 U.S 59 83. Sct. 1050 10 L Ed 2d [1963]: Escobedo V. Illinois 378 U.S. 478, 84 Sct. 1758-12 L Ed 2d 977 [1964]: Kirby V. Illinois 406 U.S 682, 92 Sct 1877-32 L Ed 2d 411 [1972]: And "whatever else it may Mean the right to Counsel, granted by the Sixth, And Fourteenth Amendment's Means At least that A person is Entitled to the help of A Lawyer At or After the time that Judicial proceedings have been initiated Against him... Brewer V. Williams 430 U.S. 387-398 97 Sct. 1232-1239 L Ed 2d. 424 [1977]: "This is because After the initiation of Adversary Criminal Proceedings... The Government has Committed itself to Prosecute And... The Adverse position of Government And defendant... Have Solidified. It is then that A defendant finds himself faced with the Prosecutorial "forces" or Organized "society" And immersed in the "intricacies of Substantive, And Procedural criminal Law." Gouveia Supra 46 U.S. At 189 104 Sct At 2298 [ quoting Kirby V. Illinois supra 406 U.S. At 689-92 Sct. At 1882]: Raines Now prays the Honorable Courts... Fundamental Fairness..

## GROUND ONE: APPLICANT IS CLAIMING HIS ACTUAL-INNOCENCE PURUSANT INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO INVESTIGATE.

### Arguement And Case Citation Authorities

Defense Attorney Craig Sandlin intentionally rendered What was A complete denial of Counsel At Every Critial stage of Trial in Cause Number D-1-DC-07-202131-C. Opening the Judicial Gateway For the Prosecution to Erroneously Convict And sentence his Client [i.e., Dalawrence Raines] pursuant Raines Actual-Innocence. As the Conviction in resulting sentence was the result of A rendered illegal Detainment And Search And seizure by the Austin Texas, City police. on April 20th, 2007 pursuant the Arresting officers.. prohibited use of Racial Profiling Against Raines. Pursuant Herrera v. Collins 506 U.S. 390 [1993] Raines presents the Ground One Claim of Actual-Innocence And would show the Following: (1). Defense Counsel Fail to investigate the Austin City police report's Alleging there was received A 911 phone Call giving A description of his client [Raines] As being sigthed saling crack—cocaine, to A Group of people, the Alleged description was of A Black [Negro] Man woring A red T-shirt And Blue Jeans. As submitted by An Alleged Russell Hall, in which during trial, the recorded 911 phone Call was Not presented by the States prosecution, nor was the Alleged 911 Caller physically present in the Criminal Trial proceeding, to render his testimony.. [i.e., Prior to Trial Attorney Crage Sandlin Fail to investigate to Substantiate Allegations by the Austin City police department And thereafter the Allegtions in the State procutions Transcribed Complaint And iullictment.,

Counsels performance will be measured Against the State of the Law in effect during the time of Trial And We will Not Find counsel ineffective where the Claimed Error is based upon unsettle Law." Ex parte Welch 981 S.w.2d 183/84 [Tex. Cr. App. 1998], Accord Ex parte Bahena 195 S.w.3d 704-707 [Tex. Cr. App. 2007] In this, Raines instant Case there was Settled Law., And harm Should be Now presumed, According to Bell v. Cone, 535 U.S. 685, 695-96 [2002] Citing... United states v. Cronic, 466 U.S. 648, 659-662 [1984], As there was A Complete denial of Counsel At the opening of preliminary-post proceedings of Trial. (2). Trial Counsel Fail to File Motion's in Limine, And Fail to raise objection to the state Not presenting the Alleged recorded record of the 911 Call received April 20th, 2007 And the Failur of the prosecution to present the Alleged 911 Caller Russell Hall during

Trial, in order to Allow the Defense the right to Confrontation And cross-Examination of state witnesses. The sixth Amendment safeguards to an Accused who faces incarceration the right to counsel At All Critical stages of the criminal process." Iowa v. Tovar 541 U.S. 77, 80 [2004] Raines Defense Counsel Failed to Make reasonable investigations or to make A reasonable decision that makes particular Investigations unnecessary." Wiggins v. Smith, 539 U.S. 510, 521 (2003)(quoting Strickland 466 U.S. At 690-691., in the Above mention instance,

(3). Defense Counsel Fail to raise the issue of the Arrest of his Client [i.e., Raines] As A result of Racial profiling by the Austin City police, whom Could not And did not Substantiate "they had probable Cause," with the states prosecution Failur to present the recorded Alleged 911 Call and /or, the States Failur to present the Alleged 911 Caller Russell Hall At trial... whereas Raines' Detainment And search And seizure was illegally Committed by the Arresting Austin city police OFFicer's., Raines Defense Counsel owed the defendant [i.e., Raines] his duty to Advocate his cause And (thus) A duty of loyalty including A dutie to Avoid Conflicts OF... Interest 466 U.S. At 688; Cuyler 466 U.S. At 346., Meyer v. Estelle 621 F2d 769 [5th Cir.1980]; Ex Parte Kirby 492 S.W. 2d 579 [Tex. crim. App. 1973].
4). As A result of the illegal search And seizure there was An Alleged confiscation seizure of what was Allegedly indentured by the State Lab Analyst As Crack-Cocaine, However during trial, Said State Lab Analyst whom Allegedly Confirmed State Lab Findings was not physically present during trial to render testimony. And Defense Fail to raise Objection to preserve Error. This was Defense Counsel show of Abandonment of proficient representation of his Client [Raines]. "Failure to Accomplish Certain procedural steps, Constitutes Abandonment, see As reference support of Abandonment meaning "only" Ex Parte Edwards 688 S.W. 2d 566, 568 (Tex. Cr. App. 1985].

IN Further support of Raines Ground one Claim of his Actual-Innocence through his Counsels inEFFective Assistance. Raines preys the Honorable Court to review the Original trial Courts Records in the Defense Counsels Docket Motion Filings throughout the entirety of the criminal trial proceedings, And there will be shown, "Full support of Raines herein Claims." Raines has shown "direction" to the Honorable court, "prudently And Respectfully Deficient performance in that Defense counsel's performance Failed to Constitute, reasonably effective Assistance." i.e., Counsels,...

Representation Fell below An objective Standard of reasonableness under prevailing professional Norms, And did Act to cause prejudice in that there is A reasonable Probability the result OF Raines Trial would have been different but For counsels deficient proformance i.e., A probability sufficient to undermine the confidence in the outcome. Hernandez 988 Sw.2d. 770 n.2 (citing Strickland 466 U.S At 687).

(5). Raines, was incarcerated on the charge presented in states indictment Number D-1-DC-07-202131-C For A period of Eight Months in the Travis County, Criminal Justice center, the inmate-Attorney visiting Log And phone Logs of incoming And outgoing calls will substantiate Defense Counsel Craig Soolin in the Time period of Eight [8] months did not Attempt Contact With Client Raines in Any Form, not even Mail Correspondences. In order to keep defendant, i.e., Raines, informed of important development in the course of the prosecution, "Strickland, 466 U.S. At 688.

Defense in Fact of the Judicial Trial Court record, only invested time pursuant Three [3] days which was the duration of the Trial in Criminal Cause Number D-1-DC-07-202131-C. Raines here references Walker v. Caldwell 476 F.2d. 213 [5th Cir. 1973]. The Court granted habeas corpus relief For.... ineffective Assistance of Counsel. "As in Raines instant Case "one of the Factors that Should Move the Court in his Favor is the Fact, that his defense Counsel Craig Soadlin, had seemingly been unable or unwilling to spend much time on the Case, which made it impossible For him to "adequately" investigate And Also Advise his client [i.e., Raines]. Here Also Raines Admonishes the honorable Courts... Panel Judges, "A more in-depth investigation would have shown the violations Committed by the City of Austin police Department "And its Arresting officers, As substantiating Whether there was such An Alleged person [i.e., Russell Hall] And whether was such A recorded documented 911 Call Complaint. See Mooney 817 Sw.2d At 698. "When Assessing the reasonableness of An Attorneys... Investigation, A reviewing Court Must "Consider" the "Quantum" of... Evidence Already Known to Counsel And whether the Known Evidence Would lead A resonable Attorney to investigate Further. Ex parte Martinez, 195 Sw3d 713, 721 [Tex. Cr. App. 2006] (citing Wiggins v. Smith, 539 U.S. 510, 527 (2003)."

See Also Herring V. Estelle, 491 F2d 125 [5th cir. 1974]. The Court of Appeals granted relief For ineffective Assistance Of Counsel with one of the Grounds being that the Court Appointed Attorney was inadequately prepared For trial. "As in Rains instant litigation his Defense Attorney had Ample time to investigate but refused Whether As said Attorney being A Hired Counsel, And was holding out For more Fees.... He Violated Raines Sixth Amendment U.S. Constitutional Rights, And Texas Constitution, Article 1, Section 10. which entitles A defendant to Effective Assistance of counsel. See Hernandez V. State 726 S.w.2d 53-56-57 [Tex. cr. App. 1986]; Three days of Trial, And Defense Counsel Sandlin had Not Attempt to meet the requisite Minimum Amount of Time to investigate in preparing his Defense Case for trial., This Caused the Case prejudice And Harm resulting in the Conviction of Rains who was Actually-Innocent, through the intentionally Committed U.S. Constitutional Rights Violations And Civil Rights violations by the Austin Texas, city police Department, And intentionally rendered deficient representation of Defense Counsel." The record will Affirmatively demonstrate the Defense Counsels ineffectiveness. See Ex parte Lilly 656, S.w.2d 490 [Tex. Crim. App. 1983]; To test the Adequacy of representation Afforded An Accused by retained or Appointed Counsel, the standard to be used is "reasonably effective Assistance of Counsel." Ex parte Duffy, 607 S.w.2d 502 [Tex. Cr. App. 1980] It is... Fundamental that An Attorney Must have A Firm Command of the Facts of the Case As well As the Law before he Can render reasonably effective, Assistance of Counsel, Ex parte ybarra 629 S.w.2d 943 [Tex. cr. App. 1982]; Duffy supra; Flores V. State 576. S.w.2d 632 [Tex. Cr. App. 1978]; A Natural Consequence of this Notion is that Counsel Also has A responsibility to seek out And, interview potential witnesses And Failure to do so is to be ineffective, If Not incompetent, Where the result is that Any Viable defense Available to the Accused is Not advanced ybarra, supra; Duffy, supra, As the Supreme Court recognized in Powell V. Alabama 287 U.S. 45.58.53 S.ct. 55. 77 L.ed. 158 (1932).

"It is Not enough to Assume that Counsel thus precipitated into the Case through there was No defense And Exercised their best Judgment in proceeding to trial without preparation, Neither they Nor the Court could say what A prompt And thoroughgoing investigation might disclose As to the Facts. No Attempt was Made to... Investigate.

Reversal And Remand - is the Remedy in the Unlawful Conviction of Raines.,

## GROUND TWO: AN ILLEGAL SEARCH AND SEIZURE WAS COMMITTED BY _THE AUSTIN POLICE DEPARTMENT ARRESTING POLICE OFFICERS, AS THEY HAD NO PROBABLE CAUSE,_ PURSUANT APPLICANTS ACTUAL-INNOCENCE

### Arguement And Case Citation Authorities

Raines prudently And respectfully states he is Actually-Innocent As his Arrest was from the Friuts OF AN illegal Search And Seizure, which resulted in him being Convicted And sentence OF A Criminal Felony. However Raines is fully Aware of the Judicial Attitude's towards this type OF Claim Search And Seizure issues Are not sources of successful writ. "As it is Now past the years that the honorable Earl Warren chief Justice (1953-1969). OF the Supreme Court was Judiciously, "receptive" to hearing Cases dealing with illegal Searches And seizures". This Ground Two Claim Error, however is presented Conjoin with Raines ineffective Assistance Claim, As Texas Courts require that AN Attorney Acting As A defendants [ie., Raines] Defense Counsel, raise Any complaints regarding An illegal Search And seizure At trial, or said defendant [ie., Raines] has waived there Objection. Moyer v. Estelle 621. F2d. 169 (5th cir. 1980) This rule which is Called the Contemporaneous Objection Rule precludes Challenge to Evidence obtained From An illegal Search An Seizure, Which is raised For the First time on A writ. The Detainment And resulting Search And Seizure, was based upon No Actually praven probable Cause by the Arresting police officers OF the Austin Texas city police Department. This Fact in itself Substantiates A Fourth Amendment Violation Against Raines. IN Support the Honorable Court And penal Judges review OF the Trial Court records, it will be shown the State prosecution Fail to produce the Alleged received 911 phone Call Complaint record-recorded call, Fail to produce A warrant with Raines Name And substantiated discription transcribed therein, Fail to produce the Alleged Caller An Alleged person Named Russell Hall, Fail to produce his Full discription And Calling Address An/or State city And resident. ie., the policies officer's Appear to have Violated the prohibitation Against Racial profiling by State of Texas Government employees ie., Austin Texas city police officers. And Raines Defense counsel Failed to Object An/or raise Challenge to the Detainment And resulting illegal Search And Seizure Made Against his Client [ie., Raines]. IF A defendants Attorney [ie., Raines-Counsel] Fail to raise An objection to such An Error in trial the defendant,

Is said to have waived his substantive rights. And Forfeited his/her procedural rights. Jiminez v. Estelle, 557 F.2d 506 [5th Cir. 1977] Wainwright v. Sykes 433 U.S. 72, 97 S.Ct. 2497 [1977]. Ex parte Crispen 722 S.W.2d 103 [Tex. Crim. App. 1989]. However in this Above transcribed instance The "Contemporaneous" Objection Rule will only preclude Judicial review of All writs" of Habeas Corpus that "do Not"... Involve A Fundamental right or result in "Actual-Prejudice. The United States Constitution-Fourth Amendment states: "The right of the people to be secure in their persons houses, papers And effect, Against unreasonable searches And seizures, shall not be violated, And no warrants shall be issue, but upon "probable cause", supported by oath or Affirmation And particularly describing the place to be searched, And the person or things to be seized." For Raines purposes in this Ground Two claim, the Fourth, Amendment Right is "important in dealing with the Alleged Evidence Admitted At his trial which was obtained by illegal search And seizure. And As conjoin with his claim of Actual-Innocence though Ineffective Assistance of Counsel there was pursuant to the Contemporaneos Objection Rule, A U.S. Constitutional Sixth Amendment violation Made by his Defense Counsel, in his failing to raise Objection And Challenge to the Illegal search And seizure Against his client Raines At what was A "Critical Stage". The Sixth Amendment guarantees each defendant the right to "effective Assistance of Counsel At every critical stage of the proceedings in his defense. Mempa v. Rhay 389 U.S. 128, 134 [1967];

Denial of Counsel At Any "Critical" entitles the Applicant to relief. Ex parte Stanford 571 S.W.2d. 28, 28-29 [Tex. Cr. App. 1978). The Sixth Amendment Safeguards to the Accused Who Faces incarceration the right to counsel At All Critical stages of the Criminal process- Iowa v. Tovar. 541 U.S. 77, 80 (2004). Pursuant the unsubstantiate probable Cause by the Austin city Texas Police Officer's Actions on the date of April 20th 2007. And their illegal search And seizure of Raines, which resulted in A Criminal prosecution And conviction And sentence he is Actually-Innocent As the Alleged States Evidence was obtained in Violation of Raines U.S. Constitutional rights, And Ineffective Assistance of Defense counsel Cause prejudice And Harm.. "Whether Raines is innocent Cannot be determined from his 3 day trial, which denial of his Defense counsel though what was A Poor And/or deficient proformance, has made it impossible to Conclude, With Any Satisfactory degree of certainty, that Raines case was Adequately Presented. See Betts v. Brady. 316 U.S. 455, 476, 88 L.Ed 1595, 62. S.Ct 1252 (1942)". Remand And Reversal of Conviction is Remedy."

## GROUND THREE: APPELLANT COUNSEL WAS INTENTIONALLY INEFFECTIVE IN APPEAL OF CASE NUMBER D-1-DC-07-202131-C

### Arguement And Case citation Authorties

Raines state's in this instant Third claim, that Appellant Attorney Ariel payan, in representation, OF him in the Third circuit Court OF Appeals, demonstrated intentional ineffective Assistance OF Appeals Counsel, in Case Number D-1-DC-07-202131-C, by bein deficient in her duty As Appellant Counsel, OF Timely Filing A proper Notice oF Appeal under Texas Rules OF Appellate procedures (TRAP) 26.2; OF Timely requesting the Court reporter to prepare the reporter's record And District Clerk to prepare the Clerks record under TRAP 34.5 And 34.6; Deficient in her review OF the Clerks record And reporter's record For possible issues to raise; And IN Preparing And Filing the Appellant brief under TRAP 38.0,

Though the Appellate Attorney Ariel payan dute were quite different From Raines Trial Attorney Craig Sandlin, in the instant Appeal... A Further, Appellate investigation was required And Appellate Attorney Ariel payan refused this responsibility to Raines, has her Appellee Client. And she wrote her brief with A show of ill Concern And intentional Deliverate Indifference, to the Meritorious issues that were required to be raise on Appeal OF her Client Raines Actual-Innocence pursuant his Erroneous Conviction, based on Alleged drug Evidence illegally seized through An equally illegal Detainment And search OF his physical person without probable Cause... Acted in violation OF his U.S. civil rights And Fourth Amendment rights to be Free From Any Form oF prohibited Racial Profiling, Which was Committed by the City OF Austin Texas, officers OF the Police Department, with there illegal search And seizur. To reiterate the prepared Anders brief was intentionally deficiently transcribed. And Said Appellate Attorney refused to File Any motions requesting For rehearing, reguardless to the Fact the Trial Court record demonstrated the State prosecution Failur to produce (1). The physical person OF Russell Hall the,... Alleged April 20th 2007, 911 Complaint Culler. in trial to give testimony And to Allow the Defense the right to confrontation And Cross Examination OF Said Alleged States witness. (2) The State lab Analysts whom signed An Alleged Certificate Affirming the Evidence Allegely seized From Raines was Crack-cocaine was Not present in trial to give testimony And Allow the Defense the right to confrontation And cross examination. (3) The State prosecution presented inadmissible

Testimonial Statements [ie, Hearsay] Not Substantiated." the Appellate Attorney violated her client Raines certain Rights. Raines As the Appellant had the right to effective Assistance of Counsel on Appeal see Evitts V. Lucey 469 U.S. 389 105 S.Ct. 830 [1985]. And pursuant Appellant Attorney Ariel payan's shown deficient preformance IN Appeal of Raines conviction which caused prejudice and harm, Raines As the Appellant may be eligible For An out-of-time Appeal. The Texas Court of Criminal Appeals has expressly set out the steps Necessary For A valid Anders brief. see Gainous V. state 436 S.W.2d 137 [Tex Crim. App. 1969]; in the Honorable Courts review of Raines Submitted Anders Brief it will be clearly shown the requirements were not Met, under the entitlements of the Sixth Amendment to effective representation by Said Appeals Counsel, which was deficient And said Attorneys deficient performance Affected the (prejudiced) the outcome of Raines Appeal. Strickland v. Washington 466 U.S. 668, 104 Sct. 2052 [1984] And Also see Butler V. state, 716 SW2d 48 [Tex. crim. App. 1986]; Ariel payan, Error was A result of A Laps of judgment, IN Not rendering A reasonable Investigation into the relevant law And Facts of Raines Case And conviction, which Said Attorneys Actions constituted A "Negligent Omission" see Wood v. Allen 130 Sct. 841 (2010) her Actions in No judicial Form can be construed As "Strategic" As resulting from A professional judgment that was Found to be reasonable under the totalities of the circumstances., see Exparte Dretzmon 740 SW2d 305 [Tex crim. App 1990]; Appellant Attorney Ariel payan Fail to raise per se reversible Errors made in trial Court under the statutory provisions Applicable to the Case in on Appeal see Exparte Daigle 848SW2d 691.692 [Tex cr. App. 1993]; Also See Exparte Briggs 187. SW3d. 458-467-468 [Tex. Cr. App. 2005.]; Also see Exparte Jarrett 891 SW2d 935. 938 [Tex. Cr. App. 1994]; Exparte Wilson 956. SW2d 25.27 [Tex cr. App 1977]; The procedural remedy is reversal And Remand., pursuant Raines Actual-Innocence.,

## GROUND FOUR: APPLICANT WAS DENIED HIS SIXTH AMENDMET CONSTITUTIONAL GUARANTEES THE RIGHT TO CONFRONTATION AND CROSS EXAMINATION OF STATES WITNESSES

### Arguement And Case Citation Authorities

Raines prudently And Judiciously states, The Sixth Amendment to the Constitution guarantees that every defendant in A criminal trial be Confronted with the witnesses Against him. That is the States witnesses "Must" be In "Court" to "testify" so that they may be Cross-Examined. This right May be waived by the defendant on A guilty plea. Tex. Code Proc. Art. 1.15. "Nevertheless, this waiver Must be in writing. Elder v. State 462 SW2d 6 [Tex Crim. App 1971]. In Rains instant. The Court will find he did "Not" enter A guilty" plea., pursuant his trial by Jury. Nor did Rains sign Any waivers. Rains Contention is through ineffective Assistance of his Defense Counsel And BRADY violations Made by the States prosecution. his U.S. Constitutional Sixth Amendment right. And his Fourteenth Amendment rights were violated. The Sixth Amendment guarantees each defendant the right to effective Assistance of counsel At "a every" Critical Stage of the proceedings in his Defense. Memp a v. Rhay. 389 U.S. 128, 134 [1976]. Also see US V. Carson. 9 F3d 576 [7th Cir. 1993]. U.S. v. Clark, 988 F2d 149 [6th Cir 1993] BRADY violation occurs where prosecution Suppresses Evidence that is Favorable to defendant And Material to issue At trial. Out of Court declarations May be Admitted into Evidence, if they Fall within An Exception to the hearsay. rule. Dutton v. Evans. 400 U.S. 74, 91 Sct. 210 [1970]. However, the U.S. Supreme Court "Ruled" in Crawford v. Washington. 541 U.S. 36 (2003) "That... "Admitting" "testimonal Statements under A hearsay Exception does "Violate" the "Confrontation Clause" of the Sixth Amendment. As in this instant Litigation As Raines shows the Following:

(1). The State's witness... Russell Hall the Alleged 911 phone complaint Caller on April 20th 2007 was "Not" in Court to testify Against Raines. So the State's witness Could thereafter be Cross-Examined by the Defense.

(2). The Alleged Evidence seized From Raines, through the Search gave by the Arresting police officers of the Austin Texas City police Department. Was Alleged to have been Confirmed And certified As A Substance of Crack-Cocaine Controlled substance, Signed by A Texas



State "Lab" Analysts, However this Alleged States witness was Not present in Court to testify Against Raines As to the Alleged findings from the Texas State Lab. So the State's witness Could be thereafter Cross-Examined by the Defense.,

(3). The State And/or Court, Allowing, Out of Court declarations in behalf OF Russell Hall And the Texas State Lab Analysts, Admitted into States Evidence, As falling into An Exception to the hearsay rule,... As being Nothing More than testimonal. Statements, Acted to Violate the "Confrontation Clause OF the Sixth Amendment.,

(4) The State prosecution Fail to present in Court the Alleged recorded 911 Complaint Call, Made by the Alleged Caller Russell Hall. This was A U.S. Constitutional BRADY Violation And A Fourteenth Amendment due process Violation,... See U.S. V. Padro; 52 F.3d. 120 [6th cir.1995] Also See U.S. V. Mendonsa 989 F.2d 366 [9th cir.1993] "Anonymous informant's tip Alone, Without Any Statement [ie., in Raines Case the State Fail to produce Any written Statements by the Alleged 911 Call Russell Hall] "For basis of her Knowledge, Could Not JustiFy Finding of probable Cause to Search.,

(5). As Raines has Stated herein this brief on other grounds he was the Victim OF Racial profilling by the Arresting Officers OF the Austin Texas City police Department As the Court record in A judicial review will show Said Police OFFicers, Were not issued by A judicial Travis County, City of Austin, Texas, District Judge, Any form of warrant, particulory describing the person or things to be Seized. See U.S. V. Kimbrough 69 F.3d 723 [5th cir. 1995]; [U.S. V. Layne, 43 F.3d 127 [5th cir. 1995)

(1). Fourth Amendment Prohibits issuance of general warrants Allowing officials to burrow through persons possessions Looking For Any Evidence OF Crime.,

(2). Warrant Must particularly describe place to be Searched And person or things to be seized.,

Raines continues to state, "A testimonial Statement, As the state prosecution has Alleged in Trial Court,... Is one "made under "Circumstances" that would lead An Objective witness reasonably to belive that the Statement Would be Available For use At A later trial Id. At 52,

As in this instant the Example of A testimonial statement[s] include the Alleged statements taken by the City of Austin Texas police department And the statement given by the Texas state lab Analysts. And the Arresting police officers of the Austin police department. See Davis v. Washington 126. S. Ct. 2266 [2006] Statements Are Nontestimonial when made in the course of police interrogation under circumstances "Objectively" indicating that the primary purpose of the interrogation is to enable police Assistance to meet An ongoing Emergency", They Are testimonial when the Circumstances "Objectively indicate that there is "No" such ongoing "Emergency" [i.e., the instant case pursuant Raines was Not An Emergency]... "And that the primary purpose of the interrogation's to "establish" or "Prove" past "Events" potentially relevant to later criminal prosecution. Statements made in the Absence of Any questions Are Not Necessarily Nontestimonial. Id. Raines references In Melendez-Diaz v. Massachusetts 129 Ct. 2527 (2009). A criminal prosecution involving distribution And trafficking in Cocaine, the Supreme Court held that "Certificates" Signed by State lab Analysts And Offered into Evidence by the Prosecution, "Which stated that the Evidence Connected to the petitioner was "Cocaine"... "Violated the defendants right to confront witnesses Against him under the sixth Amendment to the United States Constitution. The Affidavits were "Testimonial, designed For use in A Criminal trial. And Admitted "without" the "Opportunity" For the "defendant" to confront And Cross-examine", The Conviction was reversed And remanded.

To wit the Above transcribed with the Honorable Court's panel Judges presiding over this Habeas Corpus litigation... Review of the Trial court records. records. pursuant Raines Allegations of U.S. Six AMEND violations And BRADY violations Made, in his Trial the remedy is reversal And remand... See Pointer V. Texas. 380 U.S. 400. 85 Sct. 1065 [1985]; Raley V. State, 548. SW 3d. 33 [Tex. Crim. App. 1977]; Porter V. State 578 SW2d742 [Tex. crim. App. 1979;

# CONCLUSION

Raines pursuant his Actual-Innocence Of the State's conviction, pursuant the U.S. Constitutional Sixth Amendment And BRADY Violation's request this Writ request, State Habeas Corpus relief be Now judiciously granted with prejudice. And his conviction And Sentence be reversed And remanded with-in 60 [sixty] days OF the Honorable Courts order, to the convicting Trial Court. As he prays the Court to Consider the Merits of his claim And A review of the entire Court Records And State And Defense Filing's. As there is A Necessity, For A Fact-Finding Hearing, As it will be shown A deficient Trial court record. WHEREFORE, "PREMISES CONSIDERED, Raines As Applicant prays the Court remand under provisions of Tex. Penal Code Art. 44.29(b). And the Court issue order instructing Trial court to issue A warrent From the Bench, And return the physical body of inmate Dalawerence Raines-ID Number 1499674, to Answer to the States indictment, or Raines's Conviction Shall be immediately Judicially reversed. And Raines be released From, the Jurisdiction An custody of the State of Texas, And the Texas Department Of Criminal Justice - Institution Division, pursuant to his Actual-Innocence, And For Any such other And Further Judicial relief, to which he may be so entitled, Applicant Dalawerence Raines Further Sayth Naught.

Executed on this 31 day OF march , 2015

Respect Fully Submitted: Dalawerence Raines # 1499674
Pro se          TDCJ-ID, NO
TDCJ McConnell Unit
3001 South Emily Dr
Beeville Tex. 78102

# CERTIFICATE OF SERVICE

I do hereby Certify that the Applicants Brief Memorandum of laws And Judicial Arguments In support of his subsequent T.C.C.P. Art 11.07 § 4 was Attached to his Application And sent in the U.S. mail postage pre paid As Addressed to the Following: ATTN: Amalia Rodriguez-Mendoza, CLERK, Court clerks office, Travis County Criminal Justice center, 501 West 11th Street Austin Texas 78701, And Travis County District Attorney, P.O. Box 1748 Austin Texas 78767o, on this 31 day OF march 2015.

: Dalawerence Raines
Pro se                                    Applicant